UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------X
HERIBERTO JIMENEZ,	:
	:
         Plaintiff,	:
	:	**COMPLAINT**
    -against-	:
	:
DIMPLE BOMBAY, INC. d/b/a DIMPLE'S	:	**COLLECTIVE ACTION**
BOMBAY TALK, DIMPLE S BOMBAY TALK LLC	:
d/b/a DIMPLE'S BOMBAY TALK CATERING	:
SERVICES, JAHNAVI MEHTA, and THE	:	**JURY TRIAL DEMANDED**
EXECUTOR OF THE ESTATE OF DILIP MEHTA,	:
	:
         Defendants.	:
------------------------------------------------------------------X

Plaintiff Heriberto Jimenez ("Plaintiff" or "Jimenez"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Defendants Dimple Bombay, Inc. d/b/a Dimple's Bombay Talk, Dimple S Bombay Talk LLC d/b/a Dimple's Bombay Talk Catering Services, Jahnavi Mehta, and the Executor of the Estate of Dilip Mehta (collectively, "Defendants") alleges:

## NATURE OF THE ACTION

1. Defendants employed Heriberto Jimenez as a cook from 2009 through April 2021 and, although they typically required him to work approximately 72 hours per week, Defendants did not pay Jimenez overtime pay as required by the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL").

2. Plaintiff brings this action on behalf of himself and all similarly situated kitchen workers pursuant to the FLSA and the NJWHL to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NJWHL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, because the events set forth in this Complaint occurred in the District of New Jersey.

## THE PARTIES

**Plaintiff Heriberto Jimenez**

5. Jimenez resides in Middlesex County, New Jersey.

6. Defendants employed Jimenez from 2009 through April 2021.

**Defendant Dimple Bombay, Inc.**

7. Defendant Dimple Bombay, Inc. is a New Jersey corporation that owns, operates, and does business as Dimple's Bombay Talk ("Dimple's") located at 1358 Oak Tree Rd, Iselin, New Jersey 08830.

8. Dimple's has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Dimple's is an "enterprise engaged in commerce" within the meaning of the FLSA.

10. Within the three years prior to the filing of this Complaint, Dimple's had annual gross revenues in excess of $500,000.

**Defendant Dimple S Bombay Talk LLC**

11. Defendant Dimple S Bombay Talk LLC is a New Jersey corporation that owns, operates, and does business as Dimple's Bombay Talk Catering Services

("Dimple's Catering," and together with Dimple's, the "Restaurants") located at 511 Lincoln Highway, Iselin, New Jersey 08830.

12. Dimple's Catering has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. Dimple's Catering is an "enterprise engaged in commerce" within the meaning of the FLSA.

14. Within the three years prior to the filing of this Complaint, Dimple's Catering had annual gross revenues in excess of $500,000.

**Defendant Jahnavi Mehta**

15. Defendant Jahnavi Mehta ("Jahnavi") is an owner of the Restaurants.

16. Jahnavi was regularly present at the Restaurants and ran their day-to-day operations throughout Plaintiff's employment.

17. Jahnavi directed the manner in which employees, including Plaintiff, performed their work duties and assignments.

18. Jahnavi paid Plaintiff and other employees their wages.

19. Jahnavi hired Plaintiff in 2009.

20. Jahnavi determined Plaintiff's rate of pay throughout his employment.

21. Jahnavi exercised sufficient control over the operations of the Restaurants to be considered Plaintiff's employer under the FLSA and NJWHL.

**Defendant Dilip Mehta**

22. Defendant Dilip Mehta ("Dilip") was an owner of the Restaurants.

23. Dilip was regularly present at the Restaurants and ran their day-to-day operations during Plaintiff's employment.

24. Dilip directed the manner in which employees, including Plaintiff, performed their work duties and assignments.

25. Dilip was regularly present at the Restaurants overseeing the work done by employees and addressing customer needs.

26. Dlip updated the Restaurants' menu items.

27. Dilip exercised sufficient control over the Restaurants' operations to be considered Plaintiff's employer under the FLSA and the NJWHL and is sued individually, through his executor, in his capacity as an owner of the Restaurants.

**Defendants Dimple's and Dimple's Catering are Joint Employers**

28. Dimple's and Dimple's Catering have a high degree of interrelated and unifed operations, centralized control of labor realtions, common control, common business purposes, interrelated business goals and common ownership.

29. Although registered as individual corporate entities, the Restaurants are under common ownership and management.

30. The Restaurants have been centrally controlled and owned by Defendants Jahnavi and Dilip.

31. During Plaintiff's employment, Jahnavi and Dilip exercised operational control and authority, including control and authority over personnel policies and practices, over each of the Restaurants.

32. Jahnavi and Dilip directed and allowed employees to transfer or be shared by and between Dimple's and Dimple's Catering, based on need.

33. For example, when there were large events being held at Dimple's Catering, Jahnavi and Dilip would send cooks, including Plaintiff, from Dimple's to Dimple's Catering to help prepare the food for the events.

34. Plaintiff and other employees often worked at both Dimple's and Dimple's Catering in the same workweek.

35. Employees who worked at both locations of the Restaurant during the same pay period would receive a single payment that accounted for work at both Dimple's and Dimple's Catering.

36. The Restaurants share a website, www.bombaytalkusa.com, which provides information about the Restaurants, including the addresses, telephone numbers, hours of operation, and menus. The website also provides background information about the Restaurants and links to articles featuring the different locations.

37. The Restaurants share a substantially similar menu, both in design and food offerings.

38. Throughout Plaintiff's employment, if one of the Restaurants ran out of an ingredient, an employee would go to the other location and get more of the ingredient.

39. The operations of the Restaurants are sufficiently integrated for them to be considered Plaintiff's joint employers.

**COLLECTIVE ACTION ALLEGATIONS**

40. Jimenez brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated kitchen workers who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

41. The FLSA Collective consists of approximately twenty-five kitchen workers who worked at the Restaurants who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

42. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NJWHL. This pattern, practice, and/or policy includes, *inter alia,* failing to pay the FLSA Collective overtime pay for all hours worked over forty per workweek.

43. Defendants have engaged in unlawful conduct by adhering to a corporate policy that minimizes labor costs by denying employees their compensation.

44. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

45. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Dimple's and Dimple's Catering and are readily identifiable and locatable through their records. Those similarly situated employees should be notified of and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b).

**FACTUAL ALLEGATIONS**

46. Throughout his employment, Jimenez worked in the kitchen at Dimple's and Dimple's Catering doing cooking prep work, making meals for customers and catered events, and cleaning the kitchen area.

47. From the start of his employment through March 2020, Jimenez regularly worked six days per week from about 10:00 a.m. to 10:00 p.m. for a total of approximately 72 hours per week.

48. Defendants regularly sent Jimenez to work some days per week at Dimple's and others at Dimple's Catering, based on which location was busier and needed more

help in the kitchen. On numerous occasions, he worked at both of the Restaurants within the same week.

49. Jimenez also traveled to private residences and event spaces throughout New Jersey, and in Pennsylvania and New York, to help prepare food for events catered by Dimple's Catering.

50. The Restaurants were closed due to the COVID-19 pandemic from mid-March 2020 through May 2020.

51. Jimenez returned to work at Dimple's on May 15, 2020. From then through the end of his employment in April 2021, Jimenez regularly worked at the Restaurants four or five days per week from about 11:00 a.m. to 9:00 p.m. for a total of about 40 to 50 hours per week.

52. Throughout his employment, Jimenez took 10-15 minute breaks when business was slow but was not allowed to leave the premises and was not given an officially designated breaktime.

53. Jimenez was not required to clock-in or clock-out of a time-keeping system or record his hours worked each day. Instead, the cashier at both Dimple's and Dimple's Catering took handwritten notes in a notebook listing the names of all the employees who worked each day.

54. Jimenez was paid a day rate throughout his employment with Defendants.

55. If he arrived late or left before 6:00 p.m., Jimenez would only be paid for half a day.

56. From 2016 until about December 2017, Defendants paid Jimenez a day rate of $100.

57. From in or about January 2018 through about December 2020, Defendants paid Jimenez a day rate of $125.

58. From in or about January 2021 through April 2021, Defendants paid Jimenez a day rate of $142.

59. Defendants paid Jimenez his wages on a biweekly basis in cash in an envelope bearing his name, the dates for which he was being paid, and the amount of payment.

60. Jimenez was not paid an overtime premium, calculated at one and one-half (1 ½) times his regular rate of pay, for hours worked over forty per week.

**FIRST CLAIM**
**Fair Labor Standards Act – Unpaid Overtime**

61. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

62. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff.

63. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 et. seq.

64. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled to under the FLSA.

65. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

66. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to Plaintiff and the FLSA Collective's compensation.

67. Defendants' violations of the FLSA described above have been willful and, therefore, a three-year statute of limitations applies to the matter, pursuant to the FLSA, 29 U.S.C. § 255(a).

68. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, and pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### New Jersey Wage and Hour Law – Unpaid Overtime

69. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

70. Defendants are employers within the meaning of the NJWHL and supporting New Jersey State Department of Labor Regulations, and employed Plaintiff.

71. Under the NJWHL and supporting New Jersey Department of Labor Regulations, Defendants were required to pay Plaintiff one and one half (1½) times his regular rate of pay for all hours worked in excess of forty in a workweek.

72. Defendants failed to pay Plaintiff, and FLSA Collective members who opt-in to this action, the overtime wages to which they are entitled to under the NJWHL.

73. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay overtime wages.

74. Due to Defendants' willful violations of the NJWHL, Plaintiff and the FLSA Collective members who opt-in to this action are entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. authorizing the issuance of notice at the earliest possible time to all potential FLSA Collective members, composed of kitchen workers who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. declaring that Defendants violated the overtime wage provisions of the FLSA and the NJWHL;

c. declaring that Defendants' violations of the FLSA and NJWHL were willful;

d. awarding Plaintiff and the FLSA Collective damages for unpaid overtime wages;

e. awarding Plaintiff and the FLSA Collective liquidated damages pursuant to the FLSA and NJWHL;

f. awarding Plaintiff and the FLSA Collective members who opt-in to this action pre- and post-judgment interest under the NJWHL;

g. awarding Plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL; and

h. awarding such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
October 8, 2021

                                         PECHMAN LAW GROUP PLLC

                                         By:        *s/ Louis Pechman*
                                                          Louis Pechman
                                                          Laura Rodriguez
                                                          Pechman Law Group PLLC
                                                          488 Madison Avenue - 17th Floor
                                                          New York, New York 10022
                                                          Tel.: (212) 583-9500
                                                          pechman@pechmanlaw.com
                                                          rodriguez@pechmanlaw.com
                                                          *Attorneys for Plaintiff and the FLSA Collective*